BENTON, Judge,
concurring, in part, and dissenting, in part.
I concur in the majority opinion’s holding “that Code § 19.2-303 invests the [trial judge] with discretionary authori *610 ty to modify a sentence post-conviction in all felony cases, including those in which the defendant has been sentenced pursuant to a plea agreement.” However, I dissent from its further holding that the trial judge’s contrary ruling was harmless error.
The trial judge had before her two distinct matters — the Commonwealth’s motion to revoke Robert Esparza’s suspended sentence and Esparza’s motion to reduce his sentence of one year of active incarceration to the time he had already served. That the trial judge believed Esparza should receive punishment for violating the terms of his suspended sentence does not mean, a fortiori, that the trial judge would not have reduced Esparza’s original sentence of active incarceration to time served if she believed she had the authority to so do. Certainly, the trial judge could have concluded that because she had no authority to modify the active sentence and because Esparza would be incarcerated for a year, the revocation of one year of the suspended sentence was not significantly burdensome.
The trial judge enjoys wide discretion in applying Code § 19.2-303. Therefore, I believe we cannot presume that the result the trial judge reached upon application of a faulty premise foretells what the trial judge would have done had she known the full and proper extent of her authority. In view of the significant error and the minimal inconvenience to the proper administration of justice, I would remand this matter to the trial judge for reconsideration.